LEXINGTON SAVINGS BANK *vs.* COMMONWEALTH.

Suffolk.    March 12, 1925. — April 17, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Tax,* Savings bank.

Under G. L. c. 63, § 12 (b), a savings bank is not liable to pay under § 11 a tax upon so much of its deposits, invested in loans secured by mortgages of real estate taxable in this Commonwealth, as represents the excess of such loan or loans above the assessed value of the mortgaged real estate.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on February 5, 1925, and afterwards amended, for the abatement of a portion of a tax which purported to have been assessed upon the petitioner under G. L. c. 63, § 11.

The respondent demurred and the suit then was reserved by *Sanderson,* J., for determination by the full court upon the amended petition and the demurrer, it being "agreed by the parties that if the demurrer is overruled a decree may be entered as prayed for in the petition, and that if the demurrer is sustained the petition is to be dismissed."

*W. H. Hitchcock,* for the petitioner.

*A. Lincoln,* Assistant Attorney General, for the Commonwealth.

CROSBY, J.    This is a petition for abatement of a portion of a tax on the amount of deposits in the bank of the petitioner for a six months' period ending November 1, 1924, assessed under G. L. c. 63, §§ 11 to 16 inclusive, which tax, it is alleged, is without authority of law.    The respondent filed a general demurrer and the case is reserved for determination by this court.    The reservation contains a stipulation that if the demurrer is overruled a decree is to be entered as prayed for; if the demurrer is sustained, the petition is to be dismissed.

G. L. c. 63, § 11, provides that every savings bank and

every trust company having a savings department shall pay, on account of its depositors, an annual tax of one half of one per cent which shall be levied on the amount of the deposits. Section 12 of the same chapter provides that "So much of said deposits shall be exempt from taxation under the preceding section as is invested in any of the following: . . . (b) Loans secured by mortgage of real estate taxable in this Commonwealth." Other property exempt from taxation, specified in this section, need not be considered as such exemptions are unnecessary to a determination of the question raised. The petitioner, in filing the return required to be filed by it on or before November 10, 1924, setting forth its average deposits for the preceding six months, showed that these deposits were invested in loans secured by mortgage of real estate taxable in this Commonwealth to the amount of $638,417.13, and claimed a deduction of that amount under § 12 (b). It is alleged in the petition, as amended, that in assessing taxes due from the petitioner, and also in assessing similar taxes upon all other savings banks in the Commonwealth, the commissioner of corporations and taxation ruled that under § 12 (b), in any case where the amount of the loan secured by mortgage of real estate taxable in this Commonwealth exceeded the assessed value of such real estate as fixed by the assessors of the city or town where the same was located on the first of April next preceding, the full amount of said loan should not as matter of law be deducted, but only so much thereof as was not in excess of the assessed value. He determined that, of the mortgage loans reported by the petitioner, the total amount of $63,842 consisted of the excess of certain loans over the assessed value of the real estate mortgaged to secure the same. Accordingly he refused to allow to that extent the deduction claimed by the petitioner under section 12 (b) and allowed thereunder the sum of $574,575. In accordance with this ruling a tax of $1,195.98 was assessed upon the petitioner and was paid by it. If, in the assessment of the tax, the full amount of the loans secured by mortgages of real estate had been deducted, the petitioner contends that the tax would have amounted to $1,020.41. It is the con-

tention of the petitioner that the ruling of the commissioner was erroneous, that the full amount of such loans should have been deducted, and that the tax assessed upon it to the extent of $175.57 was unauthorized and illegal.

In order to determine the correct meaning of the statute in question, it is important to consider its history. Before the year 1881, there was no provision in the law relating to the local taxation of loans secured by mortgages or real estate subject to mortgage. Such loans were taxed to the owners thereof as personal property at their full value; the real estate securing them was taxed to the mortgagor at its full value; and thereby double taxation resulted. To avoid such double taxation, St. 1881, c. 304, was enacted. It is entitled "An Act relieving property from double taxation in certain cases." In the first three sections of that act provision was made for separate valuation and taxation of the interest in the real estate of the mortgagor and mortgagee substantially in the form as now provided in G. L. c. 59, §§ 12, 13, and 14. Section 6 of St. 1881, c. 304, provided as follows: "Loans on mortgage of real estate, taxable as real estate, as herein provided, shall not be included for the purposes of taxation in debts due to or from persons to be taxed: provided, however, that this provision shall not apply to the excess of any such loan or loans above the assessed value of the mortgaged real estate." It thus appears that loans on mortgage of taxable real estate were exempt from taxation, but the exemption was expressly limited to loans not in excess of the assessed value of the real estate. G. L. c. 59, § 4, cl. 2. Section 8 of the said chapter 304 provided as follows: "Savings banks and institutions for savings, including the Massachusetts Hospital Life Insurance Company, shall not be required to pay to the treasurer of the Commonwealth taxes upon such portion of their deposits as is invested in loans secured by mortgages of taxable real estate." Although § 6, referring to local taxation and loans on mortgages held by individuals, had expressly exempted only so much of said loans as is not in excess of the assessed value, yet § 8 relating to savings banks has no such proviso, but exempts loans secured by mortgages and taxable real estate without refer-

ence to the assessed value and without limitation. The foregoing provisions, originally enacted in St. 1881, c. 304, §§ 6 and 8, are substantially as they exist at present in G. L. c. 59, § 4, cl. 2; c. 63, § 12 (b). The failure of the Legislature, in enacting St. 1881, c. 304, to insert in § 8 the limitation found in § 6, makes it plain that it was intended that savings banks should be permitted to deduct the total amount of their loans secured by mortgages of real estate without reference to the assessed value of such real estate. Whenever the Legislature has intended to make provisions for taxation of loans in excess of assessed value of real estate subject to mortgage, it has so provided in express and unequivocal language.

The statute relating to the taxation of incomes, G. L. c. 62, § 1 (a); St. 1924, c. 15, § 1, limits the exemption from taxation of interest from loans secured by mortgage of real estate to interest from loans not in excess of assessed value as follows: "Third. Loans secured exclusively by duly recorded mortgage of real estate, taxable as real estate, situated in the Commonwealth, to an amount not exceeding the assessed value of the mortgaged real estate less the amount of all prior mortgages." If it had been the intention of the Legislature to limit the deduction which savings banks were entitled to make only to cases where the loans were not in excess of the assessed value of the real estate, it would have so provided; to read such a limitation into § 8 would be contrary to its express terms and plain meaning. When we consider that the savings bank tax is not a property tax but an excise imposed for the privilege of doing business as a corporation, *Commonwealth* v. *Provident Institution for Savings,* 12 Allen, 312, and the deposits of the bank are adopted as a practical measure in determining the amount of the tax to be assessed, it is not essential that the property of the bank should be ascertained with absolute and precise accuracy. It is a rational inference that the Legislature did not intend to place upon savings banks the burden of obtaining and keeping a record of the assessed values of real estate which they hold as security for loans for use in the assessment of this tax. Savings banks are not authorized to loan upon

the security of real estate more than sixty per cent of the value of such real estate, G. L. c. 168, § 54, and assessors of taxes are required to assess real estate at its full and fair cash valuation.   G. L. c. 59, § 52.   If the officers of savings banks and assessors performed their statutory duties in this respect, there would be no case where a mortgage held by a savings bank would be in excess of the value of the real estate.   If in exceptional cases loans in excess of valuation occur, it reasonably may be inferred that such cases would not be sufficiently numerous to warrant imposing the burden upon the banks and upon the taxing officers of ascertaining the assessed value of all property mortgaged and held by the bank.

It is plain that the petitioner is entitled to a deduction of the full amount of its loans secured by mortgage upon real estate taxable in this Commonwealth, and that the tax assessed was excessive to the amount claimed.   It results that the demurrer should be overruled.   A decree is to be entered adjudging that payment to the petitioner of $175.57 with interest be made; costs to be taxed by the clerk of the court.   G. L. c. 63, § 78.

*Ordered accordingly.*